THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN MASIELLO, Appellant.—

Concur—
Markewich, McNally and Tilzer, JJ.; Capozzoli, J. P., and Nunez, J., dissent in the following memorandum by Nunez, J.: Summoned before a Bronx Grand Jury, appellant was informed of its investigation of a conspiracy to infiltrate legitimate businesses with money illegally obtained from violation of the gambling and usury laws. After being sworn he refused to answer questions asserting his privilege against self incrimination. The appellant was then excluded from the Grand Jury room. Upon his return appellant was informed by the Assistant District Attorney that the Grand Jury had elected to grant him immunity pursuant to section 619-c. The Assistant District Attorney said to him: "Section 619C of the Code of Criminal Procedure is that section within the purview of the State of New York that affords witnesses immunity if given by competent authority * * * I want to further apprise you sir, if you are asked any questions and you are directed to give answers by the Grand Jury, any such answers — any evidence obtained or the answers themselves can not be used against you for prosecution within the State of New York pursuant to the provisions of Section 619C". District Attorney Roberts added: "you have immunity as from prosecution as to each and every question or your answers to each and every question that is put to you with regard to this inquiry being conducted". The appellant continued to assert his privilege. At his trial for contempt for refusing to answer the questions before the Grand Jury the sole point argued by the defendant was that the immunity, as expressed to him by the Assistant District Attorney and the District Attorney himself, was narrower than that prescribed by section 619-c and was insufficiently broad to cover the full extent of his constitutional privilege against self incrimination. He argued at his trial and on this appeal that immunity from prosecution limited to questions and answers does not amount to the transactional immunity which the Code and the Constitution require and, further, that a limitation of the immunity to the State of New York is also inadequate. Subdivision 2 of section 619-c provides that the immunized person "shall not be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which * * * he gave answer or produced evidence, and that no such answer given or evidence produced shall be received against him upon any criminal proceeding." Clearly this section does

not restrict testimonial immunity to the limited area to which the District Attorney and his assistant advised defendant when he was before the Grand Jury. After appellant's conviction herein, the Court of Appeals in *Matter of Gold* v. *Menna* (25 N Y 2d 475) (December 1969) held that immunity granted by a Grand Jury pursuant to section 619-c was not limited and was coextensive with a defendant's privilege against self incrimination. At page 481 the court said: "For, despite the statements to the contrary in *People* v. *La Bello* (24 N Y 2d 598), the applicable immunity statute provides, in so many words, that a person, upon whom immunity is conferred, 'shall not be prosecuted or subjected to any penalty * * * for or on account of any transaction, matter or thing concerning which * * * he gave answer or produced evidence' (Code Crim. Pro., § 619-c, subd. 2). The court has, indeed, expressly recognized that this Code provision and its identical provision in the former Penal Law (§ 2447), granted a transactional immunity from prosecution for any crime revealed by a witness' testimony before a Grand Jury. (See *People* v. *Ianniello*, 21 N Y 2d 418, 425, cert. den. 393 U. S. 827; *People* v. *Tomasello*, 21 N Y 2d 143, 149; see, also, 1942 Report of N. Y. Law Rev. Comm., pp. 386–390; N. Y. Legis. Doc., 1942, No. 65 [I], pp. 50–54.) We now reaffirm this interpretation and hold that to whatever extent *People* v. *La Bello* (24 N Y 2d 598, *supra*) is inconsistent with this conclusion, it is overruled." In *People* v. *De Feo* (308 N. Y. 595, 604) the Court of Appeals said: "True it is that section 2447 is designed as a complete immunity statute, but the immunity it contemplates is not operative until conferred by the Grand Jury or some other duly authorized agency mentioned in the statute. Here the immunity attempted to be conferred by the Grand Jury was incomplete, with the result that defendant was being compelled to give testimony in violation of his fundamental right against self incrimination. That being so, no proceeding for contempt may be predicated thereon. To excuse implications flowing from the limitations mentioned by this Grand Jury on the ground that it lacked authority to limit the complete immunity contemplated by the statute is contrary to sound administration of our Criminal Law and could very well lead to serious excesses on the part of overzealous prosecutors." In my view the appellant at bar is in substantially the same position as was *De Feo*. Appellant was advised by the District Attorney and his Assistant that he was granted testimonial immunity. The law required that he be given transactional immunity. As *De Feo* (*supra*) holds, section 619-c is not self-operative; the complete immunity it contemplates not having been granted by the Grand Jury, the defendant was justified in continuing to assert his privilege. I would reverse the judgment of conviction and dismiss the indictment.